UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH COOPER,

        Petitioner,

                                    CASE NO. 05-CV-71443-DT

v.                               JUDGE GERALD E. ROSEN
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

DOUGLAS VASBINDER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.    *Sufficiency of the Evidence (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     E.    *Ineffective Assistance/Right to Present a Defense and Cross-Examine (Claim II)* . . . . . . . . . . 11
          1.    *Background Relating to Bright's Testimony* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
          2.    *Right to Present a Defense and Cross-Examine* . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          3.    *Ineffective Assistance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
               a. Clearly Established Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
               b. Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
     F.    *Evidentiary Claim (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
          1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
     G.    *Cumulative Error (Claim IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
     H.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.      *Procedural History*

1.      Petitioner Kenneth Cooper is a state prisoner, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

2.      On January 15, 2002, petitioner was convicted of first degree felony murder, MICH. COMP. LAWS § 750.316(1)(b); second degree murder, MICH. COMP. LAWS § 750.317; armed robbery, MICH. COMP. LAWS § 750.529; possession of another's financial transaction device to use, deliver, circulate, or sell, MICH. COMP. LAWS § 750.157p; possession of a firearm by a convicted felon, MICH. COMP. LAWS § 750.224f; and possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. Petitioner was tried jointly, but before a separate jury, with his codefendant, Willie Stovall. On January 30, 2002, petitioner was sentenced to a mandatory term of life imprisonment without possibility of parole on the first degree murder conviction, concurrent terms of life imprisonment on the second degree murder and armed robbery convictions, a concurrent term of 2-4 years imprisonment on the financial transaction device conviction, a concurrent term of 3-5 years' imprisonment on the felon-in-possession conviction, and to a mandatory consecutive term of two years' imprisonment on the felony-firearm conviction.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

> I.      THIS COURT MUST VACATE MR. COOPER'S CONVICTIONS FOR ROBBERY AND MURDER BECAUSE THE EVIDENCE OF HIS

PARTICIPATION IN THE SHOOTING WAS LEGALLY INSUFFICIENT.

II.    MR. COOPER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO
       PRESENT A DEFENSE AND TO THE EFFECTIVE ASSISTANCE OF
       COUNSEL WHERE COUNSEL DID NOT ELICIT EVIDENCE THAT
       THE ONLY HOMICIDE EYEWITNESS HAD TESTIFIED UNDER OATH
       THAT MR. COOPER WAS NOT THE SHOOTER.

       A.    UNDER NO CIRCUMSTANCES WAS KAMILLA BRIGHT'S
             PURPORTED IDENTIFICATION OF MR. COOPER
             ADMISSIBLE, AS IT WAS UNFAIRLY SUGGESTIVE UNDER
             THE STATE AND FEDERAL CONSTITUTIONS.

       B.    LIMITING CROSS-EXAMINATION ABOUT THE PRIOR
             IDENTIFICATION PROBLEMS WITH THE THREAT OF A
             SUGGESTIVE IN-COURT IDENTIFICATION DENIED MR.
             COOPER HIS CONSTITUTIONAL RIGHT TO PRESENT A
             DEFENSE.

       C.    COUNSEL WAS INEFFECTIVE FOR FAILING TO ESTABLISH
             IN ADVANCE MR. COOPER'S RIGHT TO CROSS-EXAMINE
             WITHOUT FEAR OF A BOGUS IN-COURT IDENTIFICATION.

       D.    BUT FOR THE ERRONEOUS LIMITATION ON CROSS-
             EXAMINATION, AND COUNSEL'S FAILURE TO OBJECT TO
             IT, THERE IS A REASONABLY LIKELY CHANCE THAT MR.
             COOPER WOULD HAVE BEEN A[C]QUITTED OF FELONY
             MURDER.

III.   THE TRIAL COURT REVERSIBLY ERRED BY ADMITTING AGAINST
       THE DEFENDANT EVIDENCE OF GUNSHOT RESIDUE TESTING ON
       A JACKET FOUND IN SOMEONE ELSE'S HOME NEARLY TWO
       MONTHS AFTER THE HOMICIDE AND WHICH HAD BEEN WORN
       BY A POLICE OFFICER BEFORE BEING TESTED.

IV.    MR. COOPER WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR
       TRIAL BY THE CUMULATIVE IMPACT OF THE ERRORS.

V.     THIS COURT MUST VACATE MR. COOPER'S CONVICTION FOR
       SECOND DEGREE MURDER AND HIS CONVICTION FOR ARMED
       ROBBERY AS VIOLATIVE OF DOUBLE JEOPARDY.

VI.    MR. COOPER'S JUDGMENT OF SENTENCE MUST BE AMENDED
       BECAUSE HIS SENTENCE FOR FELONY FIREARM WAS

ERRONEOUSLY IMPOSED CONSECUTIVELY TO HIS CONVICTION
FOR FELON IN POSSESSION.

The court of appeals accepted petitioner's double jeopardy claim, and vacated the second degree murder and armed robbery convictions. In all other respects, the court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. Judge Gage dissented, concluding that, in her view, there was insufficient evidence to establish petitioner's identity as the perpetrator of the crime. *See People v. Cooper*, No. 240830, 2003 WL 22339473 (Mich. Ct. App. Oct. 14, 2003) (per curiam).

4.      Petitioner, through counsel, sought leave to appeal these issues–with the exception of his double jeopardy and sentencing claims–to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Cooper*, 470 Mich. 857, 680 N.W.2d 417 (2004).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 13, 2005. As grounds for the writ of habeas corpus, he raises the four claims that he raised in the Michigan Court of Appeals and Michigan Supreme Court.

6.      Respondent filed his answer on October 14, 2005. He contends that petitioner's claims are without merit or not cognizable on habeas review.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from the robbery and murder of Anton Lleshaj on December 24, 2000. The voluminous evidence presented at trial was summarized, albeit extensively, in the prosecutor's brief on direct appeal, and is reiterated in respondent's brief in this Court. More succinctly, the Michigan Court of Appeals summarized the evidence thusly:

Karen Bright, a friend of Lleshaj who was present at the crime, testified to seeing an

4

African American male shoot Lleshaj with a Tech-9 automatic firearm. Approximately two hours after Lleshaj had been shot, defendant Cooper was in possession of Lleshaj's wallet and making purchases with Lleshaj's credit card. When making the purchases, the Livonia Meijers' video surveillance camera depicted defendant Cooper wearing a vinyl blue Michigan State jacket. The same or similar jacket was found at defendant Cooper's sister's house and contained gunshot residue. Three days after Lleshaj was killed, defendant Cooper was seen wearing a disguise and carrying a Tech-9 that was identified as the type of gun used to kill Lleshaj.

> . . . .
>
> [footnote 1] In addition, there was evidence presented that defendants were together on the night in question, possibly driving a dark car. Further, evidence was presented that indicated defendants' presence at the crime scene. Bright testified that another person was present in the dark car that the shooter had exited. At some point the next day, Tolliver-Wooded asked defendant Stovall where the credit card had come from. He responded, "someone had gotten hurt and not to worry about it."

*Cooper*, 2003 WL 22339473, at *1 & n.1, slip op. at 2-3 & n.1.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

5

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Sufficiency of the Evidence (Claim I)*

Petitioner first contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.    *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must view the evidence, draw inferences, and resolve conflicting inferences from the record in favor of the prosecution. *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992). In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).

However, under the amended version § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision. Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass 1998).

2.    *Analysis*

Petitioner does not contend that the evidence was insufficient with respect to any particular elements of the crimes for which he was convicted. Rather, he contends that the prosecution presented insufficient evidence to prove his identity as one of the perpetrators. The Michigan Court of Appeals rejected this claim, explaining that the prosecution had presented circumstantial evidence of petitioner's involvement, including: (1) petitioner's possession and use of the victim's wallet and credit cards two hours after the murder; (2) the presence of gunshot residue on a jacket recovered from the home of petitioner's sister, which matched the jacket petitioner was wearing on the night of the murder; (3) petitioner's use of a disguise and possession of the same type of gun used in the murder three days after the murder; and (4) testimony that co-defendant Stovall had responded to a question about where the cards had come from with the statement that "someone had gotten hurt,"

indicating knowledge of the circumstances in which the cards were taken from the victim, coupled with evidence that petitioner and Stovall were together on the night of the murder. *See Cooper*, 2003 WL 22339473, at *1 & n.1, slip op. at 2-3 & n.1. Noting that the prosecutor was not obligated to negate every possible explanation of the evidence consistent with the petitioner's innocence, the court of appeals concluded, based on this circumstantial evidence, that "taken in the light most favorable to the prosecution, there was sufficient evidence presented at trial for a rational trier of fact to find that defendant Cooper shot and killed Lleshaj during an armed robbery." *Id*. at *1, slip op. at 2.

There is no doubt that the evidence of petitioner's involvement in the crimes was far from overwhelming. Indeed, the evidence presented is such that reasonable jurors, and reasonable jurists reviewing the jury's decision, might well reach different conclusions based on the evidence. *See, e.g.*, *Cooper*, 2003 WL 22339473, at *13-*14 (Gage, J., concurring in part and dissenting in part), slip op. of Gage, J, at 1-2. The question for the Michigan Court of Appeals, however, was not whether a reasonable jury could have come to a different conclusion based on the evidence, but whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). And the question for this Court is not whether it would have reached the same conclusion as the jury, nor even whether it would have reached the same conclusion as the court of appeals upon review of the jury's determination. Rather, under § 2254(d)(1), the only question for this Court is whether the Michigan Court of Appeals's conclusion that a rational jury could have found petitioner guilty was itself unreasonable. *See Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005) (citing, *inter alia*, *Sanford v. Yukins*, 288

9

F.3d 855, 863 (6th Cir. 2002)).   The Court should conclude that the court of appeals's determination was not an unreasonable application of the *Jackson* standard, and that petitioner is therefore not entitled to habeas relief on this claim.

It is true that each piece of circumstantial evidence, viewed in isolation, would be insufficient to sustain petitioner's conviction.   In reviewing the sufficiency of the evidence, however, a court must "consider the evidence in its totality, not in isolation[.]" *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000); *see also*, *United States v. Burton*, 126 F.3d 666, 677 (5th Cir. 1997).   Further, it is well established that "circumstantial evidence and inferences drawn from the evidence are sufficient to sustain a conviction."  *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995).   This is true even if alternative innocent inferences might also arise from the evidence.   *See Thomas v. Scully*, 854 F. Supp. 944, 955 (E.D.N.Y. 1994) ("[T]he fact that not all of the inferences drawn from circumstantial evidence were inevitable does not negate the sufficiency of the evidence to prove the defendant's guilt beyond a reasonable doubt.").   Here, petitioner possessed and used the victim's credit cards shortly after the robbery, and was also in possession of a gun a few days later which was the same type of gun used in the murder.   He was also seen with Stovall on the night of the murder, the two were in a car matching the description of the car given by the eyewitness, and Stovall later indicated to a friend that someone had gotten hurt.   Finally, a jacket which was similar to the one petitioner was wearing shortly after the murder was found in the house of petitioner's sister, and tested positive for gunshot residue.   From this evidence, a rational trier of fact could have found beyond a reasonable doubt that petitioner was one of the perpetrators of the robbery and murder.   *See Smith v. White*, 815 F.2d 1401, 1403-04 (11th Cir. 1987); *Madden v. State*, 799 S.W.2d 683, 687-89 (Tex. Ct. Crim. App. 1990); *see also*,

*Bounds v. Delo*, 151 F.3d 1116, 1118-19 (8th Cir. 1998); *Spalla v. Foltz*, 788 F.2d 400, 402-03 (6th Cir. 1986).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Ineffective Assistance/Right to Present a Defense and Cross-Examine (Claim II)*

        Petitioner next contends that he was denied his rights to present a defense, cross-examine the witnesses, and the effective assistance of counsel by the trial court's restriction on the cross-examination of the sole eyewitness, Karen Bright.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

        1.      *Background Relating to Bright's Testimony*

        At trial, Bright gave testimony describing the circumstances of the crime in general. However, she testified that she failed to identify petitioner or Stovall in a photographic line-up conducted by the police, and that she could not identify the perpetrators.  *See* Trial Tr., dated 1/9/02, at 167.  Bright gave no testimony whatsoever regarding petitioner.  On cross-examination by Stovall's counsel, she testified that she initially gave no description of the perpetrators to the police, *see id*. at 189, that she had identified the photographs of other people as those of the shooter, *see id*. at 194-97, and that she had identified someone other than Stovall at a live line-up, *see id*. at 202. Following cross-examination by Stovall's counsel, the court took a short recess.  When the proceedings resumed, the prosecutor indicated that Bright could now identify petitioner as the shooter.  The prosecutor indicated that his direct examination was concluded, and that he did not intend to reopen the examination to elicit Bright's identification testimony.  *See id*. at 207-210. There was then some discussion between the court, the prosecutor, and petitioner's counsel regarding whether the prosecutor would be able to elicit this information on redirect if petitioner

11

chose to cross-examine Bright.  *See id*. at 210-13.

When the proceeding resumed the following day, the trial court ruled that Bright's in-court identification of petitioner would be admissible on redirect examination by the prosecutor, if defense counsel cross-examined Bright regarding her prior inability to identify petitioner.  *See* Trial Tr., dated 1/10/02, at 5-6.  The trial court specifically noted that it was not in any way limiting counsel's right to inquire into any matter on cross-examination, but that the decision was counsel's to make as a matter of trial strategy.  *See id*. at 6-7 ("So the decision not to cross examine Ms. Bright on something that was not brought out during the direct examination is there is no limit to counsel in a procedural limitation upon Ms. Young examining Ms. Bright on that subject.  However, it is a tactical decision where you know the witness' testimony is going to be different from what everyone thought it was going to be proven.").  Petitioner's counsel indicated that she had discussed the matter with petitioner, and that together they had decided not to cross-examine Bright.  *See id*. at 7-8.

2.      *Right to Present a Defense and Cross-Examine*

Petitioner first contends that the trial court's ruling denied him his constitutional rights to present a defense and to cross-examine the witness against him.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

Although the Constitution does not explicitly provide a criminal defendant with the right to "present a defense," the Sixth Amendment provides a defendant with the right to process to obtain witnesses in his favor and to confront the witnesses against him, and the Fourteenth Amendment guarantees a defendant due process of law.  Implicit in these provisions is the right to present a meaningful defense.  As the Supreme Court has recognized, "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a

defense." *Washington v. Texas*, 388 U.S. 14, 19 (1967).  Further, the Sixth Amendment provides

that a criminal defendant has the right to confront the witnesses against him, a right which may be

denied by improper restrictions on cross-examination.  *See Delaware v. Fensterer*. 474 U.S. 15, 18-

19 (1985) (per curiam); *Davis v. Alaska*, 415 U.S. 308, 315 (1974).

The Court should conclude neither petitioner's right to present a defense nor his right to

confront the witnesses against him was violated in this case.  As discussed above, the trial court did

not preclude petitioner from exploring any matter on cross-examination of Bright.  Rather, the court

merely made an evidentiary ruling that Bright's in-court identification would be admissible if her

prior failures to identify petitioner were explored by counsel on cross-examination.  If this ruling

was itself improper petitioner might be able to claim, as he does, that the trial court's ruling created

an artificial decision for counsel that she should not have had to make, and thus at least indirectly

violated his right to confront the witnesses.  However, petitioner cannot show that the trial court's

ruling was erroneous.   Although he contends that the circumstances of Bright's in-court

identification were impermissibly suggestive, he does not suggest that her identification was tainted

by any pre-trial, out-of-court identification procedures which were impermissibly suggestive.  In

these circumstances, there was no bar to the introduction of Bright's in-court identification.  As I

have previously explained,

> the Supreme Court has never held that an in-court identification requires an
> independent basis for admission in the absence of an antecedent improper pre-trial
> identification. Rather, "[g]enerally if identification procedures prior to trial were not
> unduly suggestive, questions as to the reliability of a proposed in-court identification
> affect only the identification's weight, not its admissibility." *United States v.
> Matthews*, 20 F.3d 538, 547 (2d Cir.1994). Thus, "[a]ny suggestiveness in the
> courtroom identification procedure is a matter for the jury to consider in weighing
> the persuasiveness of the witness's testimony." *Romero v. Tansy*, 46 F.3d 1024, 1032
> (10th Cir.1995); *see also*, *McFowler v. Jaimet*, 349 F.3d 436, 450 n. 3 (7th Cir.2003).

13

*Cameron v. Birkett*, 348 F. Supp. 2d 825, 843 (E.D. Mich. 2004) (Gadola, J., adopting report of Komives, M.J.); *see also*, *Long v. Donnelly*, 335 F. Supp. 2d 450, 459 (S.D.N.Y. 2004).

Because the trial court correctly concluded that the admission of Bright's in-court identification would have been admissible if counsel chose to cross-examine her regarding her previous failure to identify petitioner, and because the trial court did not preclude petitioner from exploring any issue on cross-examination of Bright, petitioner cannot show that he was denied the right to present a defense or to confront the witnesses against him. Requiring petitioner to choose between cross-examining Bright and allowing her to identify him on the one hand, or declining to cross-examine her on the other hand, did not violate petitioner's right to present a defense or to cross-examine the witness. *See United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005). Nor did it deprive him of a fair trial; "there is nothing 'unfair' . . . about putting [petitioner] to [his] choice in accordance with the normal rules of trial." *Ohler v. United States*, 529 U.S. 753, 759 (2000). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

      3.    *Ineffective Assistance*

Petitioner also contends that counsel was ineffective in connection with this issue. The Court should reject this claim.

      *a. Clearly Established Law*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the

14

defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *See id*. at 687.  These two components are mixed  questions of law and fact.  *See id*. at 698.  Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id*.

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *See id*. at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id*. at 695.

### b.  Analysis

Petitioner contends that counsel was ineffective for failing to secure a ruling that Bright's identification testimony of petitioner would be inadmissible.  As discussed above, however, Bright's in-court identification testimony was, in fact, admissible.  Thus, petitioner cannot establish that counsel was ineffective, or that he was prejudiced by counsel's failure to press this matter more fully.  Further, petitioner does not argue that, once it was clear that Bright would identify petitioner

15

on redirect examination, counsel was ineffective in concluding that it was better to forego cross-examining Bright, nor could he.  Bright gave no testimony which implicated petitioner in the robbery and murder, and Bright's other testimony was extensively cross-examined by Stovall's counsel.  In these circumstances, it was reasonable for counsel to conclude that nothing could be gained by cross-examining Bright, when further testimony by Bright would provide the type of strong evidence that the prosecution's case was lacking–a direct identification of petitioner as one of the perpetrators.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.      *Evidentiary Claim (Claim III)*

Petitioner next contends that he was denied a fair trial by the introduction of the jacket found in his sister's house, which testified positive for the presence of gunshot residue.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws).  Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude.  *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987).  "[A] federal habeas court has nothing whatsoever to do with reviewing a state

16

court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right–such as the right to confront witnesses or to present a defense–is not implicated, federal habeas relief is available only if the allegedly erroneously admitted evidence "is almost totally unreliable and . . . the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

2.     *Analysis*

Petitioner contends the evidence relating to the jacket was irrelevant under Rule 402, and or that its probative value was substantially outweighed by the danger of unfair prejudice under Rule 403, because there was a tenuous connection between him and the jacket, there was no evidence that one of the perpetrators was wearing the jacket, and the lapse of time between the murder and the gunshot residue testing precluded any inference that the gunshot residue came from the murder of the victim. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

17

Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002) (Friedman, J.).  On federal habeas review, it is not a federal court's duty to balance the probative value of evidence against the unfair prejudice, because "the Due Process Clause does not permit federal courts to 'engage in finely tuned review of the wisdom of state evidentiary rules.'" *Anderson v. Sternes,* 243 F. 3d 1049, 1055 (7th Cir. 2001) (internal quotation omitted). Here, contrary to petitioner's argument, the jacket did have significant probative value.  It was similar to one petitioner was wearing on the night of the murder, and contained gunshot residue, adding to the other evidence that petitioner was involved in the shooting and robbery.  It is true that there were evidentiary problems with this evidence, notably the lapse of time between the crime and the testing and the fact that it was not found in petitioner's possession.  These facts, however, were matters for cross-examination and argument by counsel, not facts which rendered the evidence inadmissible.  Given that the evidence did have substantial probative value, and that the weaknesses in the evidence were fully explored by counsel on cross-examination, petitioner cannot establish that the "probative value of the state's evidence was so greatly outweighed by its prejudice to [petitioner] that its admission denied him a fundamentally fair trial." Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.    *Cumulative Error (Claim IV)*

Finally, petitioner contends that he was denied a fair trial by the cumulative effect of the errors at his trial.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.  It is true that "[e]rrors which standing alone may be deemed harmless or insufficiently

18

prejudicial to amount to a denial of due process may cumulatively produce a trial setting which is fundamentally unfair." *Payne v. Janasz*, 711 F.2d 1305, 1316 (6th Cir. 1983) (Jones, J., dissenting); *accord Walker v. Engle*, 703 F.2d 959, 968 (6th Cir. 1983). This rule, however, applies only to constitutional errors; the accumulation of non-errors cannot collectively amount to a violation of due process. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002); *United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999); *McKinnon v. Ohio*, No. 94-4256, 1995 WL 570918, at *12 (6th Cir. Sept. 27, 1995); *Fero v. Kerby*, 39 F.3d 1462, 1475 (10th Cir. 1994). As noted and discussed in this Report, none of petitioner's claims establish constitutional error, and thus his cumulative error claim fails.

H.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis*

19

*v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/27/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 27, 2006.

s/Eddrey Butts
Case Manager

20